ADKINS, Justice,
concurring specially.
Under the present system of case counting, this certification is the best the Court can do. In the past many additional judges were authorized in June but not allowed to take office until January. This dispels any idea of immediate need.
There are 194 judges of the county court who have been members of The Florida Bar for five years or more and are eligible to sit as circuit judges. The chief judges of several circuits have assigned these county court judges to the circuit bench for various periods of time. When the county court judge assumes the duties of a circuit judge, he is compensated for performing these additional duties so that, during the time he sits as a circuit judge, he receives the same salary as a circuit judge.
We should propose that the judges of the county court who have been members of The Florida Bar for more than five years receive the same compensation as circuit judges. This Court, by special order or rule, could authorize all of these county court judges to assume the duties of circuit judges without the necessity of any particular assignment. Also, these judges should be subject to assignment to other circuits, so that such a county court judge in a small county with a small docket could be used any place in the state of Florida under the rules of assignments for circuit judges. This system would reduce the need for additional judges in many of the circuits and would follow the idea of pooling judges for service.
The constitution authorizes the chief justice of the supreme court to assign “judges” to temporary duty in any court “for which the judge is qualified”, and the chief judge can assign “judges” for duty within his circuit. Art. V, § 2(b), Fla. Const. There is no constitutional impediment to using these 194 judges as circuit judges in any county of the state.
The present system of case-counting is ineffective unless we develop a weighted caseload system; that is, in counting cases the more complicated ones should be given more weight than the minor ones. The bare number of cases means nothing insofar as comparing the workload of the various circuits. We have been unable to develop a weighted case load system that is accurate and workable.
Although various committees have worked diligently attempting to have a uniform method of reporting, we have not yet met with complete success. In view of the demands of the chief justice and the provisions of a proposed rule relating to time frames within which cases should be disposed of, I believe we should honor the requests of all of the chief judges. These chief judges know the needs of the individual circuit and I respect their credibility and dedication. Their determination of the need for judges is more accurate than the result of our statistical survey.
Prior to the revision of article V, Florida Constitution, the need for circuit judges was determined by a formula of one judge for every 50,000 in population or major fraction thereof. The revision substantially enlarged the jurisdiction of the circuit court and the population criteria could no longer be used. The legislature decided that the need for judges should be determined by counting cases. This method is eroding into political selections throughout the state.
We are now able to analyze the caseload of each circuit and determine what population requires an additional circuit judge. In my opinion a circuit judge for each 27,-000 population would be sufficient to handle the case load of a circuit, and one judge of the county court for each 50,000 population would be sufficient to handle the case load of a county. If population were used as a criteria, then the money expended in collecting statewide statistics could be used in financing additional judgeships.
It has been almost fifteen years since article V, Constitution of Florida, was re *1271 vised. The original concept of the revision was to create a “pool of judges”. Each judge would be subject to assignment in any part of the state. The concept of “pooling judges” can not be realized until we treat all judges who have been members of The Florida Bar for five years the same way.
It is now time to make an evaluation of our progress under this constitutional revision and determine whether the present method of selecting additional judges follows the intent of the original framers of article V, Florida Constitution.
BARKETT, J., concurs in part with an opinion.